IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Ulises Aguilar, <br><br> Plaintiff, <br><br> v. <br><br> KB 786, Inc. d/b/a OMG! Grill, <br> Azhar Malik, and <br> Mohammad A Motten, <br> Defendants. | Case No. 1:22-cv-3985 <br><br> PLAINTIFF DEMANDS <br> TRIAL BY JURY |

# COMPLAINT

Plaintiff, Ulises Aguilar ("Plaintiff"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against KB 786, Inc. d/b/a OMG! Grill ("Defendant" or "KB786"),Azhar Malik ("Defendant" or "Malik"), and Mohammad A Motten ("Defendant" or "Motten"). KB786, Malik, and Motten may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

## Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

## Parties

2. Plaintiff is a resident of Chicago, Illinois; and he was employed by KB786, Malik, and Motten.

3. KB786 is a business that is located, headquartered, and conducts business in Morton Grove, Illinois.

4. Malik is the owner and President of KB786, and they are in charge of its employees. On information and belief, Malik is a resident of Niles, Illinois.

5. Motten is the owner and Secretary of KB786, and they are in charge of its employees. On information and belief, Motten is a resident of Morton Grove, Illinois.

6. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

## Jurisdiction And Venue

7. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the NORTHERN District of Illinois because all underlying facts and transactions occurred in or about Morton Grove, Illinois.

## Facts Common To All Claims

9. KB786 is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

10. Malik is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at KB786; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA

11. Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

12. Plaintiff began working at KB786 in or before September 2021 until on or about May 10, 2022.

13. At all times, Plaintiff held the same position at KB786, they were a cook. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform cooking, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

14. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 90 hours per week.

15. Plaintiff was paid their wages on a(n) weekly basis.

16. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

17. Plaintiff's rate of pay was $600-800 per week, which translates to $6.67 - $10.26 per hour.

18. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

19. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

20. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

21. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $9,943.00 in unpaid overtime wages; (ii) liquidated damages of $9,943.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Ulises Aguilar respectfully requests that the Court enter a judgment in their favor and against Defendants KB786, Malik, and Motten jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $9,943.00;

B. An award liquidated damages in an amount equal to at least $9,943.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF IMWL

22. Plaintiff incorporates by reference Paragraphs 1-21, as if set forth in full herein for this Paragraph 22.

23. This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1) and by failing to pay Plaintiff Illinois mandated minimum wage for all earned wages in violation of 820 ILCS 105/2.

24. Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

25. Defendant's failure to pay Plaintiff the Illinois-mandated minimum wage for all earned wages is a violation of the IMWL.

26. Throughout Plaintiff's employment with Defendants, Plaintiff's salary translated to less than the Illinois-mandated minimum wage ($6.67 to $10.26 per hour) once the hours worked were accounted for.

27. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages and unpaid minimum wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

28. The amount of unpaid overtime wages owed to Plaintiff is $9,943.00.

**WHEREFORE**, Plaintiff Ulises Aguilar respectfully requests that the Court enter a judgment in their favor and against Defendants KB786 , Malik, and Motten jointly and severally, for:

A. The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $9,943.00;

B. The amount of wages worked by Plaintiff for which he was not paid minimum wages, totaling at least $11,077.92;

C. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

D. Declare that Defendants have violated the IMWL;

E. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

F. Grant such additional or alternative relief as this honorable court deems just and proper.

### COUNT III: VIOLATION OF THE  820 ILCS 115/1, *et. seq*

29. Plaintiff reincorporates by reference Paragraphs 1 through 28, as if set forth in full herein for Paragraph 29.

30. Defendant KB786 is an "employer" as that term is defined in Section 2 of the IWPCA, because it is an Illinois Corporation restaurant where wage payments were made directly by the business for work undertaken by employees, including Plaintiff.

31. Defendants Malik and Motten are each an "employer" as that term is defined in Sections 2 and 13 of the IWPCA, because they are each an agent of KB786 that knowingly permitted it to violate the provisions of the IWPCA.

32. Plaintiff is an "employee" as that term is used in Section 2 of the IWPCA because he was employed by Defendants as a "cook" worker, and he does not fall into any of the exceptions or exemptions for workers under the IWPCA.

33. Defendants violated the IWPCA by failing to pay Plaintiff any wages for his final two weeks of employment with Defendant KB786, which unpaid wages total at least $2,000.00.

34. In addition, pursuant to Section 14 of the IWPCA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 5% per month, plus his costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Ulises Aguilar respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants, KB786, Malik, and Motten jointly and severally, for:

A. The amount of unpaid wages, totaling $2,000.00;

B. An award of 5% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C. A declaration that Defendants violated the IWPCA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT IV: VIOLATION OF THE COOK COUNTY MINIMUM WAGE ORDINANCE

35. Plaintiff reincorporates by reference Paragraphs 1 through 28, as if set forth in full herein for Paragraph 35.

36. Defendant KB786 is an "employer" as that term is defined in Section 42-12 of the CCMWO, because it is an Illinois Corporation that gainfully employs at least one Covered Employee, including Plaintiff, and it maintained a business facility within the geographic boundaries of Cook County and/or was subject to one or more of the license requirements in Title 4 of the CCMWO.

37. Defendants Malik and Motten are each an "employer" as that term in Section 42-12 of the CCMWO, because they are each an agent of KB786 and are persons that gainfully employed at least one Covered Employee, including Plaintiff.

38. Plaintiff is a "Covered Employee" as that term is used in in Section 42-12 of the CCMWO because he was employed by Defendants as a "cook" worker, who in any particular two-week period performed at least two hours of work for Defendants while physically present within Cook County, and he does not fall into any of the exceptions or exemptions for workers under the CCMWO.

39. Defendants violated the CCMWO by failing to pay Plaintiff minimum wages for each hour of work performed for Defendants while physically present within Cook County.

40. In addition, pursuant to Section 42-23 of the CCMWO, Plaintiff is entitled to recover three (3) times the amount of any underpayment, plus reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff Ulises Aguilar respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants, KB786, Malik, and Motten jointly and severally, for:

A. The amount of unpaid minimum wages/underpayments, totaling at least $11,077.92;

B. An award three (3) times the amount of unpaid minimum wages/underpayments, totaling at least $33,233.76;

C. A declaration that Defendants violated the CCMWO;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

                  Ulises Aguilar

                  <u>s/Daniel I. Schlade</u>
                  Attorney For Plaintiff

Daniel I. Schlade (ARDC No. 6273008)
James M. Dore (ARDC No. 6296265)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-942-9415 x 103
Email: dschlade@justicialaboral.com
   danschlade@gmail.com

**<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>**

# EXHIBIT A

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | MW/Hr. | Unpaid MW | Unpaid OT | FLSA Liquidated | IMWL Treble |
|---|---|---|---|---|---|---|---|---|
| 9/5/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 9/12/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 9/19/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 9/26/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 10/3/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 10/10/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 10/17/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 10/24/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 10/31/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 11/7/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 11/14/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 11/21/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 11/28/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 12/5/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 12/12/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 12/19/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 12/26/2021 | 90 | 50 | $6.67 | $11.00 | $389.70 | $275.00 | $664.70 | $1,994.10 |
| 1/2/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 1/9/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 1/16/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 1/23/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 1/30/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 2/6/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 2/13/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 2/20/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 2/27/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 3/6/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 3/13/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 3/20/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 3/27/2022 | 90 | 50 | $8.89 | $12.00 | $279.90 | $300.00 | $579.90 | $1,739.70 |
| 4/3/2022 | 78 | 38 | $10.26 | $12.00 | $135.72 | $228.00 | $363.72 | $1,091.16 |
| 4/10/2022 | 78 | 38 | $10.26 | $12.00 | $135.72 | $228.00 | $363.72 | $1,091.16 |
| 4/17/2022 | 78 | 38 | $10.26 | $12.00 | $135.72 | $228.00 | $363.72 | $1,091.16 |
| 4/24/2022 | 78 | 38 | $10.26 | $12.00 | $135.72 | $228.00 | $363.72 | $1,091.16 |
| 5/1/2022 | 78 | 38 | $10.26 | $12.00 | $135.72 | $228.00 | $363.72 | $1,091.16 |
| 5/8/2022 | 78 | 38 | $10.26 | $12.00 | $135.72 | $228.00 | $363.72 | $1,091.16 |
| **TOTALS** | | **1728** | | | **$11,077.92** | **$9,943.00** | **$21,020.92** | **$63,062.76** |